IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| TROY GREENWAY,  *Plaintiff*, | CASE NO. 6:12–cv–00005 |
| v. | MEMORANDUM OPINION |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,  *Defendant*. | JUDGE NORMAN K. MOON |

This matter is before the Court on the parties' cross Motions for Summary Judgment (docket nos. 17 and 19), the Report & Recommendation of United States Magistrate Judge Robert S. Ballou (docket no. 23, hereinafter "R&R"), and Plaintiff's Objections to the R&R (docket no. 25). Pursuant to Standing Order 2011 – 17 and 28 U.S.C. §636(b)(1)(B), the Court referred this matter to the Magistrate Judge for proposed findings of fact and a recommended disposition. The Magistrate Judge filed his R&R, advising this Court to deny Plaintiff's Motion for Summary Judgment, and grant the Commissioner's Motion for Summary Judgment. Plaintiff timely filed his Objections, obligating the Court to undertake a de novo review of those portions of the R&R to which objections were made. *See* 28 U.S.C. § 636(b)(1)(B); *Farmer v. McBride*, 177 F. App'x 327, 330 (4th Cir. 2006). For the following reasons, I will overrule Plaintiff's Objections and adopt the Magistrate Judge's R&R in full.

I. BACKGROUND

On May 8, 2010, Plaintiff Troy Greenway ("Plaintiff") protectively filed an application for Supplemental Security Income ("SSI") payments under Title XVI of the Social Security Act

(the "Act"), 42 U.S.C. § 1381-1383f. To receive SSI benefits, Plaintiff must show that his disability began on or after the date he applied for benefits. 42 U.S.C. § 1383(a)(1); 20 C.F.R. §416.501.

Plaintiff was born on July 16, 1974, and was thirty-five years old at the time he filed his May 2010 application. (R. 38.) Plaintiff initially claimed that his disability began on February 22, 2007, but later amended his alleged onset date to May 6, 2009. (R. 132, 46.) Plaintiff complained of obesity, breathing problems, pain in his lower back and chest, and bipolar disorder. (R. 38-39, 47, 50-51.) This Court has jurisdiction pursuant to 42 U.S.C. § 1383(c)(3).

### A. The ALJ Decision

The state agency denied Plaintiff's application at the initial and reconsideration levels of administrative review, (R. 75-79, 82-83) and on June 17, 2010, Administrative Law Judge ("ALJ") Geoffrey Carter held a hearing to consider Plaintiff's disability claim. (R. 33-69.) Plaintiff was represented by counsel, and an independent vocational expert testified as well. During the hearing, Plaintiff testified to suffering from breathing problems, stemming from his obesity, that led to a persistent feeling of suffocating, as well as suffering from chronic back, leg, and chest pains. (R. 39, 50.) Plaintiff also testified that he had to stretch after sitting for thirty or more minutes and that he had to lie down for an hour or so after standing for ten minutes due to his pain. (R. 52.)

Determining disability, and thus eligibility for Social Security benefits, involves a five-step inquiry. *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). In this process, the Commissioner asks whether (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in

Appendix I of 20 C.F.R. Part 404, Subpart P; (4) the claimant is able to perform his past relevant work; and (5) the claimant can perform other specific types of work. *Johnson v. Barnhart*, 434 F.3d 650, 653 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The claimant has the burden of production and proof in Steps 1–4. *See Hunter v. Sullivan,* 993 F.2d 31, 35 (4th Cir. 1992) (per curiam). At Step 5, however, the burden shifts to the Commissioner "to produce evidence that other jobs exist in the national economy that the claimant can perform considering h[er] age, education, and work experience." *Id.* If a determination of disability can be made at any step, the Commissioner need not analyze subsequent steps. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

First, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since May 6, 2009, and that he suffered from chronic obstructive pulmonary disease, emphysema, arthritis in his back and knees, obesity and bipolar disorder. (R. 20.) However, the ALJ also determined that the Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR 404 Subpart P, Appendix 1, and that the restrictions on Plaintiff's daily living was mild. (R. 22-23.) Based on a consideration of Plaintiff's medical record, the ALJ determined that the Plaintiff had the residual functional capacity to perform simple, unskilled, sedentary work, as defined in 20 CFR 416.967(a), so long as that work did not require (1) more than frequent climbing of ramps and stairs, (2) more than frequent balancing, (3) more than occasional climbing of ladders/ropes/scaffolds, stooping, kneeling, crouching and crawling, (4) any concentrated exposure to hazards, and (5) any moderate exposure to respiratory irritants. (R. 24.)

Plaintiff has a 9th grade education (R. 24), and his past relevant work experience includes work as a mason, which requires heavy exertion, as well as work as a security guard and a

3

carnival worker. (R. 26.) The ALJ found that all these jobs require levels of exertion that exceeds the Plaintiff's residual functional capacity and therefore that the Plaintiff was unable to perform his past work. (R. 26.) However, the ALJ also concluded that the Plaintiff would be able to perform other work that exists in significant numbers in the national economy, primarily sedentary positions including work as a cashier, telemarketer, or order clerk. (R. 27.) On November 23, 2011, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the Commissioner's final decision under 42 U.S.C. § 405(g). (R. 1.) Plaintiff filed the instant suit on January 20, 2012, seeking judicial review of the Commissioner's final decision.

### B. The Summary Judgment Motions

In his September 13, 2012 memorandum, Plaintiff contends that the ALJ improperly found Plaintiff's testimony less than credible because the medical records corroborate Plaintiff's claims of pain in his back and legs and difficulty breathing. *See* Pl.'s Mem. In Supp. 11. Plaintiff suggests that if the ALJ had properly considered his pain, the ALJ would have found Plaintiff disabled. *Id*. at 13. Plaintiff further claims that the ALJ failed to properly consider whether Plaintiff's obesity exacerbated the impact of his impairments as required by SSR 02-01p. *Id.* at 14-15. Plaintiff requests a reversal of the ALJ, or in the alternative, a remand to consider the new evidence of an obstructive sleep apnea diagnosis, the opinion of Dr. Goyos that Plaintiff is incapable of carrying out work related labor, and that the Plaintiff has been placed on oxygen. *Id.* at 18-19. According to Plaintiff, this new evidence is relevant and material. *Id.*

In response, Defendant argues that ALJ's decision that Plaintiff is not disabled is supported by substantial evidence, stressing that it is the ALJ's job to assess credibility and that the ALJ in this case did so properly. *See* Def's Mem. in Supp. 8. Defendant points out that

Plaintiff's treatment for his physical maladies has been minimal and that no doctor who treated Plaintiff opined that he was disabled or incapable of performing work. *Id.* at 9. Defendant also states that the ALJ did properly consider Plaintiff's obesity by examining Plaintiff's medical records, and that an explicit discussion of obesity is not required. *Id.* at 10. Defendant argues that Plaintiff's new evidence is not material because it does not relate to the time period for which benefits were denied, and therefore that a remand would be improper. *Id.* at 11.

### C. The Magistrate Judge's Report and Recommendation

Magistrate Judge Robert S. Ballou recommends denying Plaintiff's motion for summary judgment and granting the Commissioner's motion. In his R&R, the Magistrate Judge addressed Plaintiff's three contentions: (1) the ALJ improperly evaluated his pain complaints and credibility; (2) the ALJ failed to properly consider the functional effects of his obesity; (3) Plaintiff has presented new evidence which warrants remand. (R&R 1.)

First, the Magistrate Judge stated that the ALJ acknowledged that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but noted that the ALJ also found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not fully credible. (R&R 7.) The Magistrate Judge found that substantial evidence supported the ALJ's decision, noting that examinations by Dr. Humphries and Nurse Douglas revealed moderate problems that required only conservative treatment, and that Plaintiff had not required any hospitalization or emergency assistance. (R&R 9.) The Magistrate Judge further noted that while Plaintiff put forth evidence supporting an alternative conclusion, the standard of review asks not whether Plaintiff's claims could have been accepted by another fact finder but rather whether the ALJ's decision is supported by

substantial evidence—defined as more than a scintilla but perhaps somewhat less than a preponderance. (R&R 10-11.)

Next, the Magistrate Judge found that the ALJ had properly accounted for Plaintiff's obesity, noting that the ALJ specifically noted that obesity can increase the severity of coexisting or related impairments and stated that he had therefore considered the cumulative effects of Plaintiff's obesity. (R&R 12.) The Magistrate Judge found that the ALJ had accounted for Plaintiff's physical problems by suggesting Plaintiff was restricted to sedentary work that would not tax his limited mobility and stating that Plaintiff should not be around respiratory irritants which might cause problems due to Plaintiff's shortness of breath. (R&R 13.)

Finally, the Magistrate Judge considered the new evidence Plaintiff submitted. First, the Magistrate Judge indicated he had considered the new evidence throughout his consideration of Plaintiff's claim and still found that the ALJ's decision was supported by substantial evidence because the evidence presented didn't contradict the ALJ's findings. (R&R 14.) Additionally, the Magistrate Judge stated that the new evidence did not relate to the relevant time period and was therefore not material. (R&R 15.)

Plaintiff timely filed Objections to the R&R on August 21, 2013, arguing that the Magistrate Judge erroneously concluded that there was substantial evidence to support the ALJ's conclusions and credibility determinations and stressing that objective findings in the medical records support plaintiff's complaints. Pl.'s Objections 1-2. Plaintiff claims that the Magistrate Judge incorrectly concluded that the ALJ had considered Plaintiff's obesity, stressing that the obesity exacerbated Plaintiff's physical problems in ways that the ALJ hadn't explicitly discussed. Pl's. Objections 3. Plaintiff finally claimed that the new evidence might reasonably

have changed the ALJ's conclusion that Plaintiff was not disabled, and therefore stated the Magistrate Judge was in error not to find that it warranted remand. Pl's. Objections 4.

## II. STANDARD OF REVIEW

A reviewing court must uphold the factual findings of the ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Substantial evidence is not a large or considerable amount of evidence. *Pierce v. Underwood*, 487 U.S. 552, 555 (1988). Rather, it comprises "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)), and "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

In determining whether the ALJ's decision was supported by substantial evidence, a reviewing court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the ALJ. *Craig*, 76 F.3d at 589 (citation omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." *Id*. (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)). "Ultimately, it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Thus, even if the court would have made contrary determinations of fact, it must nonetheless uphold the ALJ's decision, so long as it is supported by substantial evidence. *See Whiten v. Finch*, 437 F.2d 73, 74 (4th Cir. 1971). Ultimately, the issue before this Court is not

7

whether Plaintiff is disabled, but whether the ALJ's determination is reinforced by substantial evidence, and whether it was reached through correct application of the law. *Craig*, 76 F.3d at 589.

### III. DISCUSSION

#### A. The ALJ's Assessment of Physical Symptoms and Credibility

Plaintiff contends that "the Report and Recommendation erroneously concludes that substantial evidence supports the ALJ's resolution of the conflicts in the evidence and credibility determinations" and that "the evidence supports one conclusion: that the plaintiff is disabled from all substantial gainful employment," mirroring arguments presented in his Motion for Summary Judgment. Pl.'s Objections 1-2; *see also* Pl.'s Mem. In Supp. 13 ("The plaintiff's allegations regarding his limitations…are supported by the medical evidence of record. If the ALJ had properly considered the plaintiff's allegations and testimony, he would have reached the conclusion that the plaintiff is disabled"). Plaintiff alleged that his impairments caused a level of pain that barred him from substantial gainful activity. However, the Magistrate Judge agreed with the ALJ and found that the record shows substantial evidence to support the ALJ's decision that Plaintiff's testimony was not credible, in that his statements concerning the intensity, persistence, and limiting effects of his impairments were inconsistent with his residual functional capacity assessment. (R&R 9.)

It is not the role of this Court to determine whether Plaintiff's testimony was fully credible. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Rather, the question for the Court is whether the ALJ applied the proper legal standard in assessing Plaintiff's credibility, and whether the ALJ's decision is supported by substantial evidence. *Id.* The ALJ determines whether a claimant is disabled by pain by a two-step process. *Id.* at 594; *see* SSR 96–7p, 1996

WL 374186, at *2. First, the ALJ must find "objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities, and which could reasonably be expected to produce the pain or other symptoms alleged." *Craig*, 76 F.3d at 594 (quotations and emphasis omitted). If such evidence is found, the ALJ must then evaluate "the intensity and persistence of the claimant's [symptoms], and the extent to which [they] affect[ ] his ability to work." *Id.* at 595. Among other factors, when evaluating the claimant's credibility the ALJ should consider all evidence in the record, including "[d]iagnosis, prognosis, and other medical opinions provided by treating or examining physicians or psychologists." SSR96–7p, 1996 WL 374186, at *5. The ALJ's determination "must contain specific reasons" that "make clear to the individual and to any subsequent reviewers the weight the [ALJ] gave to the individual's statements and the reasons for that weight." *Id.* at *4.

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause his alleged symptoms. However, the ALJ determined that Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not credible, to the extent that they were inconsistent with his residual functional assessment. (R. 25.)

The ALJ noted that despite Plaintiff's complaints about severe pain and marked limitations on ability to function, the medical record suggests that findings on examination and diagnostic testing have been minimal and that treatment has been conservative. (R. 25.) The ALJ specifically noted that Plaintiff "has not undergone any surgical intervention, steroid injections, [or] any physical therapy" for his physical injuries and has instead only been given "pain medications and muscle relaxants." (R. 25.) The ALJ noted that Plaintiff has "not

9

received any treatment from a mental health professional for his bipolar disorder and has not received frequent Emergency Room visits for his chronic obstructive pulmonary disease" and concluded that "[t]his lack of treatment suggests that his impairments are not debilitating as alleged." (R. 25). The ALJ also indicates having "considered the opinions of the DDS medical consultants, who opined that the claimant has no severe mental impairments and can perform work at the light exertional level." (R. 26.) The ALJ in fact was more generous in finding limitations than the doctors, noting that he had "given the claimant the benefit of doubt by finding that he is further limited to simple, unskilled sedentary work." (R. 26). In sum, the ALJ found, and the Magistrate Judge agreed, that Plaintiff's limitations, while real, were not enough to rise to the level of disability.

A reviewing court gives great weight to the ALJ's assessment of a claimant's credibility, and should not interfere with that assessment where the evidence in the record supports the ALJ's conclusions. *See Shivley v. Heckler*, 739 F.2d 987, 989-90 (4th Cir. 1984). In considering the record, I agree with the Magistrate Judge's finding that there is substantial evidence to support the ALJ's determination that Plaintiff's testimony regarding the intensity, persistence, and limiting effects of his symptoms was not credible, to the extent that it was inconsistent with his residual functional capacity assessment.

### B. The ALJ's Consideration of Obesity

Plaintiff further contends that "[t]he Report and Recommendation also erroneously found that the ALJ properly considered the plaintiff's obesity," again mirroring an earlier, near-identical argument presented in his Motion for Summary Judgment. Pl.'s Objections 2; *see also* Pl's Mem. In Supp. 14-15 ("The ALJ failed to properly consider the impact of the claimant's obesity upon his residual functional capacity. The ALJ failed to properly consider whether or not

10

the plaintiff's obesity could exacerbate the impact his impairments would otherwise have had in the absence of obesity…"). Plaintiff claims that his obesity exacerbates his pain and contributes to his incapacity to engage in activities. However, the Magistrate Judge found that the ALJ had properly accounted for Plaintiff's obesity by relying on the reports prepared by the doctors Plaintiff consulted with, and also by specifically noting that he had considered the cumulative effects of Plaintiff's obesity. (R&R 12.)

As the Magistrate Judge points out in the R&R, an explicit and in-depth analysis of obesity is not required. (R&R 11.) All the regulations require is that the ALJ consider the combined effects of obesity with other impairments and consider the effects of obesity in the final four steps of the sequential disability evaluation. Social Security Ruling ("SSR"). While an ALJ decision containing no reference to obesity is in error, an opinion need not have a lengthy or precise analysis of the issue. *Richards v. Astrue*, 6:11-CV-00017, 2012 WL 5465499, at *6 (W.D. Va. July 5, 2012) (internal citations omitted). As the Magistrate Judge notes, courts have found that relying on medical records which adequately show a claimant's obesity and adopting the conclusions of the doctors who were aware of that obesity is adequate. *Id.* (citing *Rutherford v. Barnhart*, 399 F.3d 546, 552-53 (3d Cir. 2005); *see also Martin v. Astrue*, 5:10CV00102, 2012 WL 994903 (W.D. Va. Mar. 23, 2012) (rejecting the claim that the ALJ failed to properly consider obesity where the ALJ took note of the medical opinions of record regarding weight).

The cases Plaintiff cites to suggest that the requirements imposed on an ALJ are more strenuous are inapt. *Davis v. Astrue*, 7:09CV00200, 2010 U.S. Dist. LEXIS 9102, *13 (W.D. Va. February 3, 2010), is easily distinguishable because in that case, "the Law Judge made absolutely no reference to plaintiff's marked obesity in his opinion adjudicating the claim for supplemental security income benefits." By contrast, the ALJ in this case specifically noted that he had

considered the cumulative effects of Plaintiff's obesity and relied upon the medical opinions of Dr. Humphries and others as *Richards* suggests. (R. 23, 26.) The other case cited by Plaintiff, *Bradberry v. Astrue*, 7:11-cv-00234, 2011 U.S. Dist. LEXIS 144312, *11-12 (W.D. Va. Dec. 15, 2011), in fact states that the Court rejects the argument that "the ALJ entirely failed to consider…obesity" and that the ALJ only erred in evaluating how the plaintiff complied with physician instructions, an inapplicable consideration in this case. In other words, Plaintiff here is unable to demonstrate that obesity need to be considered in any more searching or thorough way than the analysis that the ALJ did, in fact, perform.

Furthermore, the Plaintiff has failed to advance additional, obesity-related functional limitations not accounted for by the ALJ in his determination, as is required. *Matthews v. Astrue*, 4:08CV00015, 2009 WL 497676, at *4 n.4 (W.D. Va. Feb. 27, 2009); *see also Phelps v. Astrue*, 7:09 CV0210, 2010 WL 3632730, at *7 (W.D. Va. Sept. 9, 2010). Plaintiff claims that the ALJ failed to "fully take into account the impact of the plaintiff's obesity upon his pain and shortness of breath, resulting in the need to lie down during the day. The need to lie down is not accounted for in the ALJ's finding that the plaintiff can perform sedentary work." Pl.'s Objections 3-4. However, this evidence was accounted for by the ALJ, as he noted in the record Plaintiff's claims about having to lie down during the day. (R. 25). Additionally, the ALJ referenced both the opinion of Dr. Humphries, who noted that Plaintiff was limited to sitting and standing six out of eight hours in a work day, and the opinion of Dr. Hensley, who testified that "given *all* the factors" (emphasis added), an individual like the Plaintiff would be able to find and perform sedentary work. (R. 26-27.) Therefore, the Plaintiff did not advance additional obesity-related limitations that were not considered by the ALJ; the fact that the ALJ did not arrive at the same conclusion as the Plaintiff about those limitations does not indicate they were not considered.

In considering the record, I agree with the Magistrate Judge's finding that the ALJ properly accounted for Plaintiff's obesity and the limitations arising from it in his analysis, and relied upon medical evidence taking that obesity into account in accordance with SSR 02-1p.

### C. Plaintiff's New Evidence

Plaintiff lastly contends, again echoing an argument made at an earlier stage of review, that the new evidence submitted by Plaintiff warrants remand of the claim because it "provides additional support and corroboration of the plaintiff's complaints of weakness and fatigue" and, because it "might reasonably have changed the ALJ's conclusion that the plaintiff was not disabled," it "is new and material and relates to the period prior to the ALJ decision." Pl.'s Objections 4; *see also* Pl.'s Mem. in Supp. 19 ("The new evidence might reasonably have changed the ALJ's conclusion that the plaintiff was not disabled. Therefore, the post-hearing evidence is new and material and relates to the period prior to the ALJ decision"). However, the Magistrate Judge contended that the evidence was not material because it would not have reasonably changed the ALJ's conclusion and did not relate to the time period for which benefits were denied. (R&R 14-15.)

In order for new evidence to be material, there must be "a reasonable possibility that the new evidence would have changed the outcome." *Wilkins v. Sec'y, Dep't of Health and Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991) (en banc). The Magistrate Judge was correct to point out that the new evidence was duplicative, indicating that Plaintiff continued to receive conservative treatment R. 370-375). Furthermore, the opinion of Dr. Goyos that Plaintiff is "currently unable to carry out physical work related labor due to his underlying respiratory condition" is entirely consistent with the ALJ's findings that Plaintiff had limitations and should perform only sedentary work. (R. 381.) Therefore, there is no reason to believe that the duplicative and

consistent evidence would have changed the outcome had been it considered. Additionally, the evidence does not relate to the time period for which benefits were denied because they were obtained and submitted after July 23, 2010, the date of the ALJ's decision.

In considering the record, I therefore agree with the Magistrate Judge that the new evidence presented by the defendant does not provide any basis for remand in this case.

## IV. CONCLUSION

After undertaking a de novo review of those portions of the R&R to which Plaintiff objected, I find that substantial evidence supports the ALJ's conclusions. Accordingly, I will enter an Order overruling Plaintiff's Objections, adopting the Magistrate Judge's R&R in full, granting the Commissioner's Motion for Summary Judgment, denying Plaintiff's Motion for Summary Judgment, and dismissing this action and striking it from the active docket of the Court.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record, and to United States Magistrate Judge Robert S. Ballou.

Entered this 12th day of September, 2013.

*/s/ Norman K. Moon*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE